UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DELBERT L. GLENN     PETITIONER

v.     CIVIL ACTION NO. 3:10-CV-138-M

COOKIE CREWS, WARDEN     RESPONDENT

**MEMORANDUM OPINION**

This matter is before the Court on Delbert Glenn's response and supplemental responses to a show cause order entered after preliminary review of his *pro* se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will dismiss the petition as time-barred under § 2244(d).

Petitioner is serving a twenty-year sentence for a conviction on a jury verdict finding him guilty of first-degree sexual abuse, second-degree rape (two counts), second-degree sodomy (two counts), and third-degree rape. Petitioner's conviction became final, for purposes of § 2244, on or about May 21, 2003, as explained in this Court's show cause order, entered May 11, 2010. The limitation period was tolled, on February 18, 2004, during the pendency of state collateral review. However, after the state appellate court denied relief, the limitation period began to run again on or about November 29, 2005, and expired on or about March 1, 2006. Petitioner's state post-conviction motion, filed four years later on November 13, 2009, did not restart the clock under § 2244. Thus, this petition, filed on or about March 1, 2010, clearly falls outside the one-year limitation period.

In the show cause order, the Court directed Petitioner to file a response addressing whether the Court should excuse the limitation period under the doctrine of equitable tolling, as

applied in *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). In his response (docketed as 6, 7, and 8), Petitioner contends he failed to meet the filing deadlines due to circumstances beyond his control. Specifically, Petitioner states that he had no access to the courts while he was confined in the prison nursing care facility after he was viciously assaulted by inmates. Petitioner has filed certain medical records in support of his claim. Petitioner also states that legal aides took advantage of him and misadvised him.

Again, the one-year limitation period expired on or about March 1, 2006. According to the medical records, Petitioner was assaulted and sustained serious injuries in October, 2006. Petitioner's alleged incapacity, therefore, occurred too late to toll the filing deadline of March, 2006. Although the medical records dating back to 2003 show that Petitioner is a seriously infirm, elderly inmate, Petitioner's general infirmity persisted even as he pursued state collateral review of his conviction. Moreover, Petitioner's situation generally, such as his meager resources and poor legal assistance in prison, does not provide legal justification for excusing the limitation period.

Therefore, the Court concludes Petitioner's response inadequately shows that he pursued his rights diligently and that extraordinary circumstances impeded his efforts during the period roughly between November 2005 and March 2006. None of the circumstances described by Petitioner excuses the lack of diligence or otherwise warrants applying the doctrine of equitable tolling in this case.

The Court will enter a separate order dismissing the petition.

**Certificate of Appealability**

Before seeking an appeal, § 2253 requires a petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). This Court concludes no reasonable jurist could find debatable the conclusion that the petition is time-barred and that the circumstances do not warrant equitably tolling the one-year limitation period.

DATED:

Copies to Petitioner, *pro se*

4414.007